1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 HERMAN TAMRAT,                                    Case No. 20-cv-01324-PJH

Plaintiff,
9

**ORDER OF DISMISSAL WITH LEAVE**
10 v.                                               **TO AMEND**

11 ALAMEDA COUNTY, et al.,

12 Defendants.

13

14      Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

15 1983.  He has been granted leave to proceed in forma pauperis.

16                                 **DISCUSSION**

17 **STANDARD OF REVIEW**

18      Federal courts must engage in a preliminary screening of cases in which prisoners

19 seek redress from a governmental entity or officer or employee of a governmental entity.

20 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

22 may be granted, or seek monetary relief from a defendant who is immune from such

23 relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v.*

24 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

26 of the claim showing that the pleader is entitled to relief."  "Specific facts are not

27 necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

28 is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

United States District Court
Northern District of California

1   (citations omitted).  Although in order to state a claim a complaint "does not need detailed

2   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

3   to relief' requires more than labels and conclusions, and a formulaic recitation of the

4   elements of a cause of action will not do. . . .   Factual allegations must be enough to

5   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

6   U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

7   a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme

8   Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

9   conclusions can provide the framework of a complaint, they must be supported by factual

10  allegations.  When there are well-pleaded factual allegations, a court should assume their

11  veracity and then determine whether they plausibly give rise to an entitlement to relief."

12  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17          **LEGAL CLAIMS**

18          Plaintiff presents many allegations of mistreatment and violations of his rights by

19  jail guards over a two-year period.

20          Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain

21  statement of the claim showing that the pleader is entitled to relief...."  Rule 8 requires

22  "sufficient allegations to put defendants fairly on notice of the claims against them."

23  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991)).  *Accord Richmond v. Nationwide*

24  *Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty

25  allegations fails to satisfy the notice requirement of Rule 8.)  "The propriety of dismissal

26  for failure to comply with Rule 8 does not depend on whether the complaint is wholly

27  without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Moreover, "[M]ultiple claims against a single party are fine, but Claim A against

2    Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*

3    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different

4    defendants belong in different suits," not only to prevent the sort of "morass" that a multi-

5    claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the

6    required filing fees – for the Prison Litigation Reform Act limits to 3 the number of

7    frivolous suits or appeals that any prisoner may file without prepayment of required fees."

8    *Id.* (citing 28 U.S.C. § 1915(g)).

9    The complaint is 100 handwritten pages and names 20 defendants. Plaintiff

10    presents allegations concerning dozens of incidents at Santa Rita Jail from 2016 to 2018.

11    Among the many allegations, he states that his cane was improperly confiscated, guards

12    failed to protect him from being beaten and sexually assaulted by other inmates, he

13    received inadequate medical care, he was denied a clean cell and clean laundry, his

14    legal mail was improperly handled, his due process rights were violated in the grievance

15    process and he was the victim of excessive force by guards. The majority of these

16    incidents are unrelated other than they happened at the same jail over a two-year period.

17    In addition, some of these incidents appear untimely.

18    Plaintiff's complaint in this action illustrates the "unfair burdens" imposed by

19    complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity"

20    which "fail to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-

21    80. Plaintiff has also presented many unrelated claims. The complaint is dismissed with

22    leave to amend. Plaintiff must only present a few related claims in an amended

23    complaint and describe how the specific defendants violated his rights. Other claims

24    must be brought in separate cases.

25    Plaintiff is also informed that section 1983 does not contain its own limitations

26    period. The appropriate period is that of the forum state's statute of limitations for

27    personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by*

28    *statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369

3

377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1]  The statute of limitations is tolled for the period in which a prisoner administratively exhausted his underlying grievances, pursuant to the requirements of the PLRA.  *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

**CONCLUSION**

1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The clerk shall **SEND** plaintiff two blank civil rights forms.  The amended complaint must be filed no later than **June 19 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  The amended complaint must be no longer than **25 PAGES including exhibits**.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life."  Cal. Civ. Proc. Code § 352.1(a).  The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years.  *See id.*

United States District Court
Northern District of California

1        **IT IS SO ORDERED.**

2    Dated: May 12, 2020

3

4                                                            /s/ Phyllis J. Hamilton
                                                        PHYLLIS J. HAMILTON
5                                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California