UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN TAMRAT,

   Plaintiff,

  v.

ALAMEDA COUNTY, et al.,

   Defendants.

Case No. 20-cv-01324-PJH

**ORDER OF SERVICE**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants failed to protect him from other inmates, used excessive force against him and failed to properly process his inmate appeals.[1]

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  But under both clauses, the inmate must show that the prison official acted with deliberate indifference.  *Id.* at 1068.

---

[1] It appears that plaintiff was a pretrial detainee when these events occurred.

2

1  In the context of claims for failure to protect, the standard under the Eighth
2  Amendment to prove deliberate indifference is different than the standard to prove
3  deliberate indifference under the Fourteenth Amendment.  Whereas a convicted prisoner
4  must prove an individual defendant's subjective awareness of a risk of harm in order to
5  prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee
6  need not do the same in order to prevail on a failure-to-protect claim under the
7  Fourteenth Amendment.  *Castro*, 833 F.3d at 1068-70 (holding that objective standard of
8  *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applicable to excessive force claims
9  brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial
10 detainees).  Specifically, a pretrial detainee need not "prove an individual defendant's
11 subjective intent to punish in the context of a . . . failure-to protect claim." *Id.* at 1070.  A
12 pretrial detainee who asserts a due process claim for failure to protect instead must prove
13 "more than negligence but less than subjective intent – something akin to reckless
14 disregard." *Id.* at 1071.

15 The Due Process Clause of the Fourteenth Amendment protects a post-
16 arraignment pretrial detainee from the use of excessive force that amounts to
17 punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*,
18 441 U.S. 520, 535-39 (1979)).  To prove an excessive force claim under § 1983, a pretrial
19 detainee must show only that the "force purposely or knowingly used against him was
20 objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  "A
21 court must make this determination from the perspective of a reasonable officer on the
22 scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."
23 *Id.*  "A court (judge or jury) cannot apply this standard mechanically." *Id.*  "[O]bjective
24 reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.*
25 (quoting *Graham v. Connor*, 490 U.S. at 396).

26 There is no constitutional right to a prison administrative appeal or grievance
27 system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855
28 F.2d 639, 640 (9th Cir. 1988).

Plaintiff alleges that defendant Deputy Reid unlocked his cell door so several other inmates could enter his cell and physically and sexually assault him leading to serious injuries. Plaintiff states that Reid then escorted plaintiff to the infirmary where Reid assaulted plaintiff. These allegations are sufficient to proceed with claims of failure to protect and excessive force against defendant Reid.

Plaintiff also alleges that defendant Deputy Kaufman and others failed to properly process his inmate appeals. This claim is denied because plaintiff has failed to present sufficient allegations of a constitutional violation. Plaintiff also alleges that Kaufman and others removed certain food items from his food trays. Plaintiff has failed to present allegations that rise to a viable claim. Plaintiff also states that Kaufman for no reason, sprayed plaintiff and his cell with pepper spray that led to plaintiff suffering injuries. This is sufficient to state a claim of excessive force against Kaufman.

The remainder of plaintiff's general allegations about a wide variety of issues fail to state a claim and are dismissed. Plaintiff's general allegations against Sheriff Ahern due his position as a supervisor are also dismissed. "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (finding under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

**CONCLUSION**

1. All defendants are **DISMISSED** except for Deputy Reid and Deputy Kaufman as discussed above. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No.

4

19) with attachments and copies of this order on Deputy S. Reid #2260 and Deputy W. Kaufman #2250 at Alameda County Santa Rita Jail.

    2. In order to expedite the resolution of this case, the court orders as follows:

        a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

        b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 13, 2020

                                                   PHYLLIS J. HAMILTON
                                                   United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.